The opinion of the Court was afterwards drawn up by
Wilde J.
Upon the facts agreed the plaintiffs claim damages of the defendant for not safely keeping certain goods' by him attached on mesne process in their favor against one Brown, and for not delivering them to the plaintiffs’ .agent on demand, so that the same might be taken on the plaintiffs’ execution on the judgment recovered in that suit, or otherwise disposed of as the law directs.
The defence is, that the plaintiffs’„execution was put into hands of one John Baker, a deputy sheriff, and that no demand was made upon the defendant until after the space of thirty days from final judgment in the suit.
And as to a part of the goods and articles attached, we are of opinion" that the defence is well maintained and valid. At the period when the demand was made, the attachment was dissolved by lapse of time. If the goods had remained in the defendant’s hands when the thirty days expired, he would have been liable immediately after to restore the possession to the *209 debtor ; and having restored it before that time on the accountable receipt of a third person, he is entitled to the same protection and defence as he could have claimed if the goods had been restored to the debtor after the thirty days. While the attachment continued, the attaching officer had the constructive possession of the goods attached, and a security for their delivery. The removal of the goods from the commonwealth had no effect on the rights and liabilities of the parties, but the defendant’s remedy on his security, as to the portion of goods which were in Brown the debtor’s possession, at the time of the demand, and which he had a right to retain, has been lost by the plaintiffs’ laches ; and as to these goods the plaintiffs have no claim on the defendant either in law or equity.[1]
But some of the goods the debtor had no right to withhold ; and the plaintiffs’ remedy, as to these, remains unimpaired by the dissolution of the attachment; because by the action com menced by Brown against the officer, and by the recovery of judgment, and the satisfaction of it by the plaintiffs, the property was changed, and thereupon vested in them. The plaintiffs had the same right to claim these goods at the hands of the officer, as the debtor would have had after the attachment had been dissolved, if they had remained in the actual possession of the attaching officer, and there had been no permutation of property. It is not denied by the defendant’s counsel, that such would be the legal effect of a recovery of the full value of the goods, but they contend that there was only a temporary conversion, that the goods were restored before the commencement of the debtor’s action, and that he only recovered damages for the detention of them for a short time. But the facts agreed are irreconcilable with this supposition. It is agreed that the value of the goods was given in evidence on the trial of the action against the officer, and the amount of the verdict shows conclusively that the jury gave damages to the full extent of the value of the goods, and not for the mere detention of them for a few days. For the value of these goods, there *210 fore, at the time of the demand, the plaintiffs are entitled to recover ; and according to the agreed statement of facts, the defendant is to be defaulted.